IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RUFUS KING                          )
                                    )
    v.                              )    NO. 3:08-0881
                                    )
MARK KING MEDICAL                   )
ADMINISTRATION, et al.              )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered September 18, 2008 (Docket Entry No. 4), the Court referred this prisoner civil rights action to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are the Motion for Summary Judgment filed by Defendants Mark King and Alvashtia Moore (Docket Entry No. 23), and the Motion to Dismiss or, in the alternative, for Summary Judgment filed by Defendant Larry McNeil (Docket Entry No. 31). The plaintiff has not filed a response to either motion.[1] Set out below is the Court's recommendation for disposition of the action.

---

[1] By Order entered April 13, 2009 (Docket Entry No. 34), the Court gave the plaintiff a deadline of June 2, 2009, to respond to the motion of Defendants King and Moore and a deadline of thirty days after service of Defendant McNeil's Local Rule 56.01(b) Statement to file a response to the motion of Defendant McNeil. On April 17, 2009, Defendant McNeil filed his Local Rule 56.01(b) Statement. See Docket Entry No. 36. The April 13, 2009, Order was mailed to the plaintiff at his Greenville, TN address. See April 2, 2009, docket notation.

## I. BACKGROUND

The plaintiff filed this action pro se and in forma pauperis on September 15, 2008, seeking damages and injunctive relief under 42 U.S.C. § 1983. See Complaint (Docket Entry No. 1). At the time the plaintiff filed the complaint, he was an inmate of the Tennessee Department of Correction ("TDOC") confined at the DeBerry Special Needs Facility ("DSNF"). By a notice filed on April 1, 2009 (Docket Entry No. 33), defendants King and Moore stated that the plaintiff was released from the custody of the TDOC on February 27, 2009, and provided the address listed for the plaintiff on the Tennessee Offender Management Information System.

The plaintiff alleges that he was denied medical treatment for liver disease and denied treatment and an operation for an ankle injury. He also contends that his requests to be sent to an outside hospital were denied. The plaintiff's specific allegations are as follows:

> being denied medical treatment - medication for end stage liver failure - and osteo militis in right ankle, right ankle joint gone. need operation denied - need tests ran on liver functions denied. was given lactlose (sic) for liver. nothing has been done. asked to be sent to outside hospital denied! tried several grievances returned tried several requests returned not answered.

See Complaint, at 6.

By the Order of referral, process was issued to DSNF Health Administrator Mark King, DSNF Physician Larry McNeil, and DSNF Nurse Practitioner Alvashtia Moore. Upon the defendants' answers, a scheduling order was entered (Docket Entry No. 21).

By their dispositive motions, the defendants each argue that the plaintiff has not made any specific factual allegations against them. They further dispute the plaintiff's allegations that he was treated with deliberate indifference to his medical needs and set forth evidence showing that the plaintiff received an extensive course of treatment while at the DSNF for his liver disease and also received treatment for his ankle injury. See Affidavit of Moore (Docket Entry No. 26); affidavit of McNeil (Docket Entry No. 31-1); and copy of the plaintiff's TDOC medical records (Docket Entry Nos. 28-30). The defendants contend that there is no evidence supporting the plaintiff's claim that he was denied adequate medical treatment in violation of his civil rights.

## II. CONCLUSIONS

This action should be dismissed with prejudice. The plaintiff has not responded to the defendants' motions for summary judgment[2] and has not supported his claim with any evidence. The defendants support their motions with affirmative evidence which shows that medical care was provided to the plaintiff for both his liver disease and his ankle injury, as well for other medical problems, while at DSNF. See Affidavit of Moore (Docket Entry No. 26); affidavit of McNeil (Docket Entry No. 31-1); and copy of the plaintiff's TDOC medical records (Docket Entry Nos. 28-30). Based upon this unrebutted evidence, no reasonable jury could find that the plaintiff was treated with deliberate indifference to his serious medical needs, as is required for a constitutional claim based on allegations that medical care has been denied to a prison inmate. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The plaintiff's personal belief that he should have received a different type of treatment or been sent to an outside hospital simply does not support a constitutional claim. See Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The plaintiff has failed to satisfy this burden, and summary judgment should be granted to the defendants.

Alternatively, the action should be dismissed because of the plaintiff's failure to prosecute the action. Although the plaintiff was specifically advised in the scheduling order entered

---

[2] By Order entered April 13, 2009 (Docket Entry No. 34), the Court found that the motion of Defendant McNeil should be considered a motion for summary judgment rather than a motion to dismiss.

December 22, 2008 (Docket Entry No. 21), that he was required to keep the Court informed of his current address, the plaintiff was apparently released from the custody of the TDOC on February 27, 2009, see Notice filed by Defendants King and Moore on April 1, 2009 (Docket Entry No. 33), yet he failed to notify the Court of his change of address. The plaintiff has also not filed any type of response to the pending dispositive motions. His failure to take such steps indicates that he has lost interest in prosecuting this action, and further proceedings by the Court would be futile and would entail a needless expenditure of resources by the Court and the Defendants. It is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Accordingly, the action also warrants dismissal under Rule 41(b) of Federal Rules of Civil Procedure for failure to prosecute. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

## RECOMMENDATION

The Court respectfully RECOMMENDS that the Motion for Summary Judgment filed by Defendants Mark King and Alvashtia Moore (Docket Entry No. 23), and the Motion to Dismiss or, in the alternative, for Summary Judgment filed by Defendant Larry McNeil (Docket Entry No. 31), be GRANTED and that this action be DISMISSED WITH PREJUDICE in its entirety.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

5

Case 3:08-cv-00881   Document 38   Filed 06/18/09   Page 5 of 5 PageID #: 488